UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

**Turnaround Pizza, Inc.,**                                    Case No. 3:15-bk-00151-JAF

_____**Debtor.**___/

## MOTION FOR AUTHORITY TO SELL ASSETS
## OF THE BANKRUPTCY ESTATE AT PRIVATE SALE FREE AND CLEAR OF LIENS

The Debtor, Turnaround Pizza, Inc., through its undersigned counsel, moves the Court for entry of an Order, authorizing the Debtor to sell certain assets of the bankruptcy estate at private sale free and clear of liens and encumbrances, and in support thereof says:

### I.    Background

1.    The Debtor seeks entry of an Order, authorizing the Debtor to sell certain assets of the bankruptcy estate at private sale, including three Domino's Pizza franchises in Thomasville, Lake Park, and Cairo, Georgia. The Debtor asserts that such an Order is warranted because, among other reasons, (1) sale of the assets will facilitate the continued operation of the Stores on an expedited basis and will prevent the loss of jobs and business income; and (2) the proposed sale will allow recovery for the estate despite the fact that the Assets (as defined below), which are being sold subject to all liens, claims and encumbrances, appear to be fully encumbered.

2.    On January 14, 2015 (the "Petition Date"), the Debtor, Turnaround Pizza, Inc., (the "Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court') in the case currently styled *In re: Turnaround Pizza, Inc.*, Case No. 3:15-bk-00151-JAF (the "Bankruptcy Case").

3.    Prior to the Petition Date, the Debtor owned and operated the franchises at the following

leased locations in Jacksonville: (1) Store #8897, 1319 A Lakes Blvd., Lake Park, GA 31636 ("Store 8897"); (2) Store #5793, 1025 East Jackson, Thomasville, Georgia ("Store 5793"); and (3) Store #8969, 540 U.S. Hwy 84 East, Cairo, Georgia ("Store 8969") (collectively, the "Stores").

4. On Schedule B, the Debtor scheduled interests in machinery, fixtures, equipment, supplies, and inventory et al used in business (the "Assets") in the total amount of $100,500.00. The Assets are more particularly described on the attachment to Schedule B of the Petition. The Petition and Schedules A-J, together with all attachments and exhibits, are incorporated by reference herein.

5. According to Schedule G, the Debtor was a party to the following leases on the Petition Date: (1) lease of Store 8897 from Magic 44 Properties, LLC; (2) lease of Store 5793 from Major League Pizza, Inc., and (3) Store 8969 from Arline & Mills Investments, LLC, (collectively, the "Leases").

6. As of the Petition Date, the Debtor was also a party to various franchise agreements and other similar contracts (collectively, the "Franchise Agreements").

7. The Equipment and Inventory may be encumbered by a federal tax lien held by the Internal Revenue Service (the "IRS") filed with the Clerk of Courts in Georgia(the "IRS Lien") which the debtor believes now totals 265,186.00.

8. The Equipment and Inventory may be encumbered by the State of Georgia Department of Revenue, which has filed the following claims totaling approximately $257,431.00.

9. Additionally, Colony Bank (hereinafter "Colony") recorded a blanket UCC-1 financing statement on January 28, 2011. A copy of the UCC-1 is attached hereto and incorporated herein as Exhibit "1". MLP is owed approximately $230,243.01. The debt attaches to the assets of nine (9) stores, six (6) of which, belong to other entities.

10. The Debtor is also indebted under the Leases and Franchise Agreements.

## II. Jurisdiction and Venue

11. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b)(1) and

1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(B)(2)(A), (N) and (O). Venue for this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

12. The statutory predicates for relief sought herein are Sections 105 and 363(f)(1) and (5) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 2002, 6004 and 9014, and Local Bankruptcy Rules 2002-1 and 9004-2.

### III.    Relief Requested

13. The Debtor seeks authority to sell and assign, among other things Equipment, Inventory, Leases, Franchise Agreement and any other real and personal property used by the Debtor in operating the Store located at 1319 A Lakes Blvd., Lake Park, Georgia ( "Lake Park"), subject to the Non-Tax Liens and liens created by the UCC-1 Statements, but not subject to the IRS Lien and DOR Judgment Liens, to RT Pizza, Inc. ("Buyer1") pursuant to the terms of the Letter of Intent (the "LOI") attached hereto and incorporated herein as Exhibit "2" for $47,500.00 and the Debtor seeks authority to sell and assign, among other things Equipment, Inventory, Leases, Franchise Agreement and any other real and personal property used by the Debtor in operating the Stores located in Thomasville and Cairo, Georgia ( "stores 5793 and 8969"), subject to the Non-Tax Liens and liens created by the UCC-1 Statements, but not subject to the IRS Lien and DOR Judgment Liens, to Nammer Pizza, LLC ("Buyer2") pursuant to the terms of the Letter of Intent (the "LOI") attached hereto and incorporated herein as Exhibit "3" for $43,000.00.

14. Buyer1 and Buyer 2 (Collectively "Buyers") are Domino's franchisee and have represented that Domino's consents to its acquisition of the Assets and the continued operation of the Stores.

15. The LOIs provide, in relevant part, that the Debtor will sell to the Buyers the Assets as is, where is, and subject to the Non-Tax Liens and liens created by the UCC-1 Statements for $100,500.00 in total (the "Purchase Price"). The sale proceeds of the Purchase Price shall be free and clear of all liens, claims and encumbrances.

16. The Leases and Franchise Agreements will be assigned to Buyer 1 and Buyer 2 through the

sale described herein. Buyer1 and Buyer 2 will be responsible for any liabilities needed to cure defaults under the Leases, Franchise Agreements.

17. From the proceeds of the Purchase Price, the Debtor seeks to (1) pay $75,000.00 to Colony, (2) pay one-half of the remaining proceeds (approximately $12,750.00) to the Georgia DOR, and (3) pay one-half of the remaining proceeds (approximately $12,750.00) to the IRS.

18. The sale described herein does not include any cash on hand and any claim of the bankruptcy estate, including, but not limited to, claims that could be brought pursuant to Chapter 5 of the Bankruptcy Code, including but not limited to, claims the Debtor could assert under 11 U.S.C. §§ 547, 548 and 549 (collectively, the "Excluded Property"), all of which are specifically retained by the Debtor-in-possession.

A. **The Sale is Supported by Sound Business Judgment and Should be Approved**

19. The Bankruptcy Code permits a debtor to sell its assets outside the ordinary course of business. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts have held that transactions should be approved under section 363(b)(1) when they are supported by a sound business reason. *See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1993); *In re Gulf State Steel, Inc. of Alabama*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002). In reviewing such a proposed transaction, courts should give substantial deference to the business judgment of the debtor-in-possession or trustee. *See e.g., Esposito v. Title Inc. Co. of Pa. (In re Fernwood Mkts)*, 73 B.R. 616, 621 n.2 (Bankr. E.D. Pa. 1987).

20. The sale of the Assets serves a sound business purpose and should be approved. The Debtor submits, based on the exercise of his business judgment, that the terms of the LOIs are fair and reasonable. Further, the sale of the Assets pursuant to Section 363 of the Bankruptcy Code will return a greater benefit

to the Debtor's estate, the IRS, the Georgia DOR, and the estate's other creditors than any of the alternatives, including a sale at a later date or a piecemeal liquidation of the Assets. The proposed prompt Asset sale under Section 363 has the advantage of allowing the Assets to be sold intact, thereby allowing the Debtor to receive a purchase price that reflects the highest value despite the Debtor's Chapter 11 filing.

21. Notably, the Buyers appear to be the only qualified franchisees in this region.

22. Further, the Debtor-in-Possession has limited funds for distribution to unsecured creditors and the administrative costs that are accruing threaten to substantially reduce the amount of funds available for distribution. Unless he is able to consummate the Asset sale through the sale described herein, the value of the Assets will depreciate and the Debtor will be forced to incur further post-petition expenses and likely surrender the Assets to the respective lienholders without realizing a benefit for the bankruptcy estate. Thus, approval of the LOIs provides the Debtor the ability to maximize the value of the Assets through the aforementioned sale and minimize the Debtor-in-Possession's need to incur further administrative expenses. Accordingly, the Debtor believes that the Asset sale is the best way, at this time, to maximize the value of the Assets for the benefit of all constituencies in this Chapter 11 case.

23. Moreover, foreclosure of the Assets by the primary secured creditor would likely result in no recovery for the IRS and Georgia DOR once the franchise license is invalid.

24. Based on the foregoing, the Debtor submits that the Bill of Sale and the proposed Asset sale is in the best interest of the Debtor, its estate, and its creditors, and is based upon sound, reasoned, and informed business judgment warranting this Court's approval. *See In re Lionel Corp.*, 722 F.2d at 1071; *In re Gulf State*, 285 B.R. at 514.

**B.   The Sale Price is Fair and Reasonable**

25. The proposed sale to Buyer1 and Buyer 2 reflects the highest and best price for the Assets that the Debtor has been able to secure to date. A private sale is appropriate under the exigent circumstances discussed above, and it will avoid the payment to the Buyer of its costs, expenses and payment of other fees

and expenses which would likely be incurred through a public auction process.

C. **The Sale Terms Were Negotiated in Good Faith**

26. Although the Bankruptcy Code does not define "good faith purchaser", courts, in construing Section 363(m), have stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'". *In re Abbott's Dairies of Pennsylvania, Inc.*, 788 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

27. The LOIs are the product of good faith, arm's length negotiations between the Debtor and the Buyers on commercially reasonable terms. Further, the Debtor asserts that the Buyers are not affiliated with the Debtor, or any associated entity and therefore, all negotiations were undertaken in good faith and in compliance with the Bankruptcy Code. Accordingly, Debtor requests a finding that the transaction contemplated by the LOIs is (a) subject to the protection afforded to "good faith" purchasers under Section 363(m) of the Bankruptcy Code, and (b) not subject to avoidance under Section 363(n) of the Bankruptcy Code.

D. **Elimination of 14-Day Stay Under Bankruptcy Rule 6004(h)**

28. Pursuant to Rule 6004(h) of the Bankruptcy Rules, unless the Court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for 14 days after entry of the order.

29. The Debtor submits that the exigent financial circumstances compelling the Debtor to sell the Assets to the Buyer also constitutes cause to permit an immediate closing and a waiver of the 14-day stay period.

E. **Request for Retention of Bankruptcy Court Jurisdiction and Extension of Automatic Stay.**

30. The Debtor respectfully requests the Court include in any order granting this Motion that the automatic stay shall remain in place with respect to all property of the Debtor for a period of sixty (60) days from the date of such Order to allow the Buyers time to determine whether there is equity in the Assets

subject to the UCC-1s and litigation, and whether to surrender/abandon those Assets to the related secured party or pay the secured party's claim.

F. **Request for Emergency Hearing Pursuant to Local Rule 9004-2.**

31. Pursuant to Local Rule 9004-2, the Debtor may file a Certificate of Necessity of Request for Emergency Hearing with this Motion at a later date if the debtor determines it is appropriate and necessary.

### IV. Conclusion

WHEREFORE, Turnaround Pizza, Inc., through its undersigned counsel, respectfully requests this Court enter an Order in the form attached hereto as Exhibit "4": (1) authorizing the Debtor to execute Bills of Sale; (2) waiving of the 14-day stay period contained in Bankruptcy Rule 6004(h); (3) providing that the automatic stay shall remain in place with respect to all property of the bankruptcy estate for a period of sixty (60) days from the date of any Order granting this Motion; and (4) granting such other and further relief as the Court deems just and proper.

Dated: January 26, 2015.

                                                **ROBERT ALTMAN, P.A.**

                                                /S/ Robert Altman
                                                **Robert Altman, Esquire**
                                                Florida Bar No. 346861
                                                5256 Silver Lake Dr.
                                                Palatka, Florida 32177
                                                (386) 325-4691

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Authority to Sell Assets of the Bankruptcy Estate at Private Sale was furnished to all creditors and parties-in-interest pursuant to the attached mailing matrix and to the additional parties listed below, by U.S. first class mail, postage prepaid or electronic filing CM/ECF on January 26, 2015.

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
400 W. Bay Street
Stop: 5720
Jacksonville, FL 32202

Civil Process Clerk
United States Attorney
Middle District of Florida, Jacksonville Division
300 N. Hogan Street, Suite 700
Jacksonville, FL, 32202

Eric H. Holder, Jr.
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Georgia Department of Revenue
1800 Century Blvd. NE
Atlanta, GA 30345

Colony Bank
115 S. Grant St.
Fitzgerald, GA 31750

**ROBERT ALTMAN, P.A.**

**/S/ Robert Altman**
**Robert Altman, Esquire**